CASE 40—PETITION—MAY 5.

# Seibert's Assignee, &c. v. Albritton.

APPEAL FROM GRAVES CIRCUIT COURT,

1. PRINCIPAL AND AGENT—DILIGENCE REQUIRED OF AGENT IN SELL-
ING PROPERTY OF PRINCIPAL.—An agent who receives and un-
dertakes to sell property of another is required, in the ab-
sence of special instructions, to use due diligence in selling it.
In this case tobacco was shipped to an agent in New York City
for sale there, and considering the perishable nature of the
tobacco and its susceptibility to damage and ruin, from three
to six months was a reasonable time within which it should have
been sold by the agent; and in an accounting between the
parties the agent should have been charged with the value of
the tobacco as of that time.

2. LIMITATION.—The statute of limitations will begin to run from
the date at which the agent should have sold the property,
and the fact that he did not sell it within a reasonable time
will not postpone the time at which the statute will begin to
run.

W. D. GREER AND W. M. REED FOR APPELLANTS.

1. There were mutual running accounts between Albritton and
Seibert from 1885 down to February 12, 1890, and at that
time there had never been a final settlement between them;
under such circumstances the statute of limitations begins to
run at the time of the last transaction.

2. The letter of Albritton on file dated February 4, 1893, in which
he says "I am not able to pay any more than I have
offered. I would be glad to have the matter settled without
suit but have offered all that I am willing or able to pay,"
is an acknowledgment of the indebtedness, and would take it
out of the statute if it had run.

3. Under the arrangements between the parties, Seibert had a lien
on the tobacco remaining unsold, for the unpaid advances,
which he had made Albritton, and under such circumstances
he had a right to exercise his own judgment and discretion,
if he acted fairly and honestly, as to the time the said tobacco
should be sold.

16

4. The account sued on was an "account stated," and Albritton having made no objections to the same, or to the application of the credits thereon, the statute of limitations does not run.

ROBBINS & THOMAS FOR APPELLEE.

1. In the absence of special instructions, the factor is required to sell goods consigned to him within a reasonable time after he has received them, although advances have been made by him on them. Amer. & Eng. Enc. of Law, vol. 3, p. 327, and notes, and p. 330; Francis v. Castleman, 4 Bibb, 282; Atkins v. Burton, 4 Bush, 299; Wood on Limitation of Actions, sec. 112, p. 243.

2. Offers of compromise will not stop the statute from running, or operate as a new promise. Amer. & Eng. Enc. of Law, vol. 13 p. 756, and notes; Wood on Limitation of Actions, 140, and 190-2.

3. Albritton denies that he received a stated account, and it is only claimed that it was mailed to him. There is no presumption of notice arising from such mailing. (Springfield Fire Ins. Co. v. Jenkins, 19 Ky. Law Rept., 932; Robbins v. Amer. Mutual Aid Society, 11 Ky. Law Rept., 580), and if he had received it he would not have waived the statute. Wood on Limitation of Actions, secs. 70 and 73; Amer & Eng. Enc. of law, vol. 1, pp. 110 and 113.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

In the year 1885 the plaintiff's assignor, Seibert, was en· gaged in the business of a commission merchant and warehouseman in the sale of tobacco in the city of New York, receiving from merchants and shippers tobacco, for sale and storage, and advancing money on such shipments to the consignors, with an agreement between them that he should from time to time, as he made sale of the tobacco, apply the net proceeds of such sales as a credit on the money which he had advanced, after deducting expenses, insurance, commission, etc. During that year the defendant, Albritton, a dealer in tobacco in Kentucky, consigned to the plaintiff 231

hogsheads of tobacco, as his agent, to be sold and the net money realized to be credited to his account.

About the time of these shipments plaintiff advanced to defendant sums aggregating $28,666 76 on the tobacco so consigned, this being the cost of the tobacco, with interest and exchange, less a margin of $491 75. All of this tobacco, except two hogsheads, had been sold by plaintiff previous to August 26, 1887, and on that date plaintiff rendered to defendant a stated account showing a balance of $1,984 83 due plaintiff, and in September, 1887, the defendant shipped to plaintiff eight additional hogsheads of tobacco to be sold upon the same terms and conditions.

In February, 1890, plaintiff rendered to defendant another stated account, being Exhibit "D," which is as follows:

Account sales and exhibit "D."

"Mayfield, Ky.

"R. T. Albritton, Esq., in account with Henry Seibert:

1887.                                 Dr.

Aug. 26.—To balance as per statement

    ·    rendered Aug. 26, '87......$1,984 83

        To interest on $1,984 83 to

        Feb. 13, '90, 2 years 171 days,

        interest 6 per cent........    294 57

1888                                  Cr.

May 13.—By net proceeds of sale of

        10 hhds. tobacco, as per account of sales attached...        $  796 06

By interest on $796 06 to
Feb. 13, '90, 1 year, 286
days, 6 per cent..........                               85 70

1890

Feb. 13.—By balance to your debit ..                1,397 64

                                    $2,279 40   $2,279 40

1890

Feb. 13.—To balance ...............$1,397 64

"E. & O. E." New York, February 13, 1890.

    (Signed)                        HENRY SEIBERT.

F. W. Prior, Jr., Attorney.

This shows that on the 13th day of May, 1888, plaintiff credited defendant's account with $796 06, net proceeds of sale of 10 hogsheads tobacco, all that remained unsold. He then counts interest on the balance as per statement rendered August 26, 1887, of $1,984 83, down to February 13, 1890, and also interest on the credit of $796 06, and on that date makes a balance due by defendant of $1,397 64.

Plaintiff claims that the last three hogsheads of the tobacco consigned to him by the defendant were not sold until February 13, 1890, and the credit was given as of that date.

On the 5th day of April, 1894, Seibert's assignee instituted his suit in the Graves Circuit Court to recover this balance of $1,397 64, with interest thereon from the 13th day of February, 1890, until paid. Defendant filed answer, denying liability to plaintiff for any sum whatever; denying that the last sale of the tobacco shipped plaintiff was in February, 1890, and claimed that all of the consignment should have

been sold not later than the 27th day of February, 1888, that this was a reasonable time in which to have disposed of it; and he also plead that plaintiff had not realized the full value of the tobacco, and further plead that plaintiff's cause of action had accrued to him more than five years before the commencement of the suit and more than five years had elapsed after his cause of action accrued before this suit was begun; and he pleads and relies on the statute of limitation in bar of plaintiff's recovery.   By way of reply, plaintiff denied that his cause of action was barred by limitation.

A jury being empannelled and the testimony being heard, the court gave to the jury a peremptory instruction to find for defendant, on the ground that the claim was barred by limitation, which was excepted to at the time, and an appeal has been brought to this court, and a reversal asked for two reasons:  First, because the statute of limitation did not begin to run until the date of the entry of the last item in the account, which, it is contended, was on the 13th day of February, 1890; second, because at that date plaintiff had rendered defendant a stated account showing the net balance that was due him on account of the tobacco transactions; that this account had been mailed to and received by the defendant; that he had retained it without objection since that time; and that in the retention was an admission of liability and promise to pay, and that by legal implication a new cause of action had arisen on the implied promise, and that this suit was based on that implied promise.

"It is a well-settled principle that an agent who receives

and undertakes to sell the property of another is required by his undertaking, in the absence of special instructions, to use due diligence to sell it. The law will not imply an unlimited discretion in an agent to sell the property or to keep it on hand indefinitely as he might his own property; but he must sell, having, however, a reasonable time allowed him for so doing." (See Francis v. Castleman, 4 Bush, and Story on Agencies, section 186.)

In this case there is no evidence of any instructions from the consignor to delay the sale until any specified time; but, on the contrary, he proves that in January, 1888, while in New York, he told the appellant to sell the tobacco and close his account. The proof shows that all the tobacco, except eight hogsheads, was shipped in 1885, and all of it, except 22 hogsheads had been sold by the 27th day of September of that year. In September, 1887, eight more hogsheads were shipped, and all but three of these hogsheads had been sold on the 27th day of February, 1888.

The testimony in this case tends to show that from three to six months would have been a reasonable time in which to sell this tobacco on the New York market, and when we consider its perishable nature and its susceptibility to damage and ruin, we can but conclude that it was unreasonable for the consignee to have held any portion of this shipment of tobacco for the long interval of time which elapsed from the 27th day of February, 1888, to the 12th day of February, 1890; and appellant should have been chargeable with the reasonable value of all this tobacco not later than the 27th day of February, 1888, and appellee was entitled to have had his tobacco sold and the proceeds credited

not later than that date.   It was the duty of the plaintiff to have rendered a final statement of the account between the appellee and himself at the date when he should have been chargeable with the value of this property.

Section 2520 of the Kentucky Statutes (which is the same provision of the General Statutes) provides that "In an action to recover a balance upon a mutual, open and current account concerning the trade of merchandise between merchant and merchant or their agents, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proven in the account claimed or proven to be chargeable on the adverse side." This statute is conclusive of this case. The defendant is entitled to have the account of plaintiff against him credited with the proceeds of the tobacco as of the date when it was his duty to have disposed of the consignment, and the statute of limitation begins to run from that date, or, at most, after allowing the plaintiff a reasonable time in which to have made up and rendered a statement of the balance due to defendant.   Any other construction would put it in the power of a consignee to indefinitely extend the time for the running of the statute of limitation; and as more than five years had elapsed between the time when the last item should have been credited to defendant and an account rendered to him by plaintiff before the institution of this suit, we think that same was clearly barred by the statute, and that the peremptory instruction was properly given.

For the reasons indicated herein the judgment is affirmed.